**NOT FOR PUBLICATION**

```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY
```

MENACHEM HIRSCH,                :
                                     Civil Action No. 07-4103 (RBK)
          Petitioner,           :

          v.                    :    **OPINION**

WARDEN CHARLES SAMUELS, JR.,    :

          Respondent.           :

**APPEARANCES:**

Menachem Hirsch, Petitioner <u>pro se</u>
#84235-054
F.C.I. Fort Dix
P.O. Box 2000
Fort Dix, NJ 08640

**KUGLER**, District Judge

　　Petitioner Menachem Hirsch, a prisoner currently confined at the Federal Correctional Institution at Fort Dix, New Jersey, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  The respondent is Warden Charles Samuels, Jr.

　　For the reasons stated herein, the Petition will be dismissed.  <u>See</u> 28 U.S.C. § 2243 ("A court ... entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.").

**BACKGROUND**

This statement of background facts is taken from the Petition and is accepted as true for purposes of this review.

Petitioner currently is serving a sentence of 37 months imprisonment imposed by the U.S. District Court for the Southern District of New York on November 7, 2005.  Petitioner contends that the BOP misinterprets 18 U.S.C. § 3624(b) and that good time credits should be awarded based on the total term of imprisonment <u>imposed</u>, rather than on an annual incremental basis for time <u>served</u>.  Petitioner does not dispute the accuracy of the BOP's calculations under its stated policy.

**DISCUSSION**

In his habeas Petition, Petitioner argues that, by calculating his GCT based on the time served, as opposed to the sentence imposed, BOP is depriving him of the opportunity to earn additional GCT, to which he is statutorily entitled under 18 U.S.C. § 3624(b).  Petitioner maintains that § 3624(b) authorizes him to earn 54 days for each year of the sentence imposed and that BOP erred by allowing him to earn only 54 days for each year served.  He seeks a writ of habeas corpus directing BOP to recalculate his GCT based on 54 days per year of the sentence imposed.

This case is governed by the Third Circuit's decision in <u>O'Donald v. Johns</u>, 402 F.3d 172 (3d Cir. 2005).  Like Petitioner,

O'Donald filed a habeas petition challenging the BOP's calculation of his GCT based on the time actually served, rather than the sentence imposed, arguing that the plain language of 18 U.S.C. § 3624(b) requires BOP to calculate GCT based on the sentence imposed.  The Third Circuit acknowledged that "it is unclear whether the phrase 'term of imprisonment,' as used several times in § 3624(b), refers to the sentence imposed or time served."  O'Donald 402 F.3d at 174.  The Third Circuit found that BOP's interpretation of the statute is reasonable and, because the statute is ambiguous, the Court deferred to BOB's reasonable interpretation of the statute.  "[W]e agree that the BOP's interpretation comports with the language of the statute, effectuates the statutory design, establishes a 'fair prorating scheme,' enables inmates to calculate the time they must serve with reasonable certainty, and prevents certain inmates from earning GCT for time during which they were not incarcerated."  Id. (quoting Pacheco-Camacho v. Hood, 272 F.3d 1266, 1270-71 (9th Cir. 2001)).  In light of O'Donald, Petitioner's claim is without merit and this Court will dismiss the Petition.

**CONCLUSION**

For the reasons set forth above, the Petition must be dismissed.  An appropriate order follows.

S/Robert B. Kugler
ROBERT B. KUGLER
United States District Judge

Dated: August 31, 2007